Rubin Sterngass
129 Ridge Road
Valley Cottage, NY 10989-2466
Telephone: (845) 268-2558
Cell Phone: (845) 721-0421
Facsimile: (845) 268-2176
Email: mrgb13@optonline.net

**Docket No.**

*On behalf of himself (Pro Se), as stockholder
of the Debtor, Leatherstocking Antiques, Inc.,
and as the true party of interest.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:

**LEATHERSTOCKING ANTIQUES, INC.**

Debtor.
-----------------------------------------------------------------x

**Related to:**
**Appeal of**
**Chapter 11 / Chapter 7**
**Lead Case No.**
**10-22704 (RDD)**

### DESIGNATION OF THE ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND A STATEMENT OF THE ISSUES PURSUANT TO BR 8006

Appellants hereby respectfully state the following:

1.   Rubin Sterngass is appearing *Pro Se* for himself and for the Debtor, Leatherstocking Antiques, Inc. Mr. Sterngass is stockholder of the Debtor and is the true party of interest herein.

2.   The matter herein [and the related matter thereto under Bankruptcy Court Docket No. 12-08625 (RDD)] were heard and overseen by the Honorable Robert D. Drain.

1

3. The last attorney for the Debtor and Mr. Sterngass was Alan B. McGeorge, Esq. To date, no counsel is representing the Debtor or Mr. Sterngass herein.

4. Attorney McGeorge verbally resigned as counsel for this matter on or about May 18, 2012, upon the Bankruptcy Court's involuntary conversion of the matter from Chapter 11 to Chapter 7.

5. The Office of the United States Trustee's representative assigned herein is/was Gregory Zipes. However, at least one other United States Trustee appeared in place of Mr. Zipes since the petition filing of April 13, 2010.

6. The court-appointed Chapter 7 Trustee is Marianne T. O'Toole, Esq.

7. The law firm representing Trustee O'Toole is LaMonica, Herbst & Maniscalco, LLP; and the two attorneys of record (to the knowledge of the Debtor, Mr. Sterngass, and his family) are Salvatore LaMonica, Esq. and Holly Rai, Esq.

## PART I – DESIGNATION

Appellants hereby designate the following items for inclusion in the record on appeal for the Notice of Appeal, filed on August ...., 2012 [Docket No. 10-22704 (RDD)]:

1. Appellants hereby respectfully submit that Rubin Sterngass' *Pro Se* seven (7) jurist appellate panel of the New York State Court of Appeals in 1976 by the reinstatement of the Bench Trial Judgment, as stated in the reported case of <u>40 NY2d 888</u>, dated 1976, controls the parties and those in Privity by Res Judicata and the **flouting** thereof by the Town of Clarkstown's municipal order, <u>in 1977</u>, as <u>documented and corroborated</u> by the Affidavit of Professional Engineer Edward Palmenberg

[who represented the property interests of Rose and Rubin Sterngass, their family, and their corporation(s)], as filed in the record of the foregoing unimpeachable Order. Said municipal order demanded that Rubin Sterngass demolish all structures on the premises that were in conformity, vested prior to, and in compliance with permitted commercial use, as designated on the Town of Clarkstown's Official Map (included within the 1939 Zoning and Building Ordinance) and operated continuously prior to 1950. This order/demand was made in my presence and in <u>the presence of the Town of Clarkstown's then-Deputy Building Inspector Edward Lawrence (retired and alive to date)</u> to document in order for issuance of new building permits by compliance to the properties' commercial, <u>without limitations</u>, vested status, as declared on the Town of Clarkstown's Official Map and Law, and by constitutional constraints of Article IV, the First (1st), Fourth (4th), Fifth (5th), Eighth (8th), Fourteenth (14th) Amendments, and the fundamental Due Process of applicable Law and Congressional Statute 28 USC 1738.

Municipal desires and intentions were simply revealed by the Town of Clarkstown's filed Complaint to prevent the conversion of units from summer occupancy to "year-round use" and requiring building permits for any work related thereto. This municipal activity is evidenced within the Rockland County Supreme Court proceedings under Index No. 2629/72. Additionally, as I stated in my *Pro Se* summation before the 12-member criminal trial jury in 2010, this municipal activity also raised the ugly head of the snake of racism relating to "no Jews or dogs allowed" prior to 1939 at Rockland Lake's public accommodations. Moreover, this municipal activity was resisted by my parents, Saia and Rachel Sterngass, who were Jewish immigrants and who relocated from the boroughs of New York City to Rockland County in the mid- to late-1940s, as evidenced by the fee-simple deeds, as recorded in the Rockland County Clerk's Office.

<u>Please note that Rubin Sterngass appeared *Pro Se* in Bankruptcy Court as he has not been represented by counsel since May 18, 2012 when this matter was converted from Chapter 11 to Chapter 7 and appointment of Marianne T. O'Toole, Esq. to be the Chapter 7 Trustee</u>

3

<u>thereof</u>.   Attorney Alan McGeorge resigned, refused to represent the Debtor and/or Mr. Sterngass, and he failed to properly notify the Bankruptcy Court thereof.

    2.   Evidence of my complaint of an extortion scheme by the Town of Clarkstown resulted in the criminal conviction of the Town of Clarkstown's then-Building Inspector, Robert Bowman, Sr., for extortion within the Town of Clarkstown under Docket No. 238 CR 80 in the Eastern District of New York, <u>PLUS</u> the *Pro Se* action before the Honorable Kevin Duffy, dated April 19, 1983 in the Southern District of New York "and their dismissal, based upon **"no standing"**, <u>PLUS</u> the New York Appellate Term Decision under Docket No. 2010-1553 CR RO, wherein the decision reversed the Justice Court's conviction, as ruled on April 13, 2012, via acquittal by lack of jurisdiction and my notice of the 1976 New York reported final order under <u>*40 NY2d 888*</u>.

    3.   The arraignment of Rubin Sterngass in Town of Clarkstown Justice Court before the Honorable Howard Gerber (2008-2009, his avoidance of Res Judicata as I had raised, and his recusal therein.

    The Motion of record in the Town of Clarkstown's Justice Court before the Honorable Scott Ugell, thereafter assigned, as made by the motion of Attorney David Isaacson, placing the issues of Res Judicata into the official record (pursuant to the Decision and Order of the New York State Court of Appeals on October 19, 1976) and the Justice Court's avoidance of same, contrary to Article IV and 28 USC 1738.

    4.   The matter in Rockland County Supreme Court before the Honorable Joan Lefkowitz under Index No. 2035/88 [<u>sustaining equal protection pursuant to constitutional mandates</u> in a related matter, as so ruled and so stated by the Honorable Robert J. Stolarik (retired from Rockland County Supreme Court)], as so stated therein (February 25, 1993).

5.  The matters in Rockland County Supreme Court before the Honorable Andrew O'Rourke under Index Nos. 6929/99 and 6930/99 (avoiding the Law of Res Judicata, vested property interests, and alleged and requested relief pursuant to 42 USC 1983, as acquitted in 1974 and unimpeachable in 1976).  Thereafter, Judge O'Rourke was reassigned to Duchess County Supreme Court.

The matters before Judge O'Rourke were appealed and thereby remanded back to Rockland County Supreme Court and reassigned to the Honorable Margaret Garvey and stalled in 2005.  These matters have been Stayed pursuant to the United States Bankruptcy Court petitioned matters since 2010, and relief has been denied.

6.  The *Pro Se* Verified Motion of Rubin Sterngass was filed in Westchester County Supreme Court under Index No. 8886/09, with their denial dated May 5, 2009, and was then filed and presented to Rockland County Supreme Court before the Honorable William Nelson, which was heard pursuant to Rockland County Supreme Court Index No. 2629/72. Testimony thereof occurred on March 25, 2009, April 1, 7, and 21, 2009, and August 11, 2009.  **Double Jeopardy Protection** was put in issue during some or all of the hearings and was and contested by the Town of Clarkstown's Deputy Town Attorney Paul Schofield.  Mr. Schofield denied the continued judicial deceit but testified and did admit that the 1939 Zoning and Building Ordinance controls this matter.

7.  Ex Parte Affidavit of Rubin Sterngass (with enclosures), dated May 14, 2012, handed to the Debtor's counsel of record, Attorney McGeorge, on May 15, 2012 prior to Bankruptcy Court appearance before Judge Drain and filed and served upon the United States Bankruptcy Court on May 15, 2012.  (This document has never been responded to by anyone.) The enclosures include the following:

a.  Original Complaint (by the Town of Clarkstown and against Rubin Sterngass, et. al.), dated May 24, 1972.

        b.    Ex Parte Affidavit of Rubin Sterngass to the Administrative Court Office, as forwarded by them to the Office of the Clerk of the New York State Appellate Term, Brooklyn, New York, dated February 16, 2012 and therein is so filed and recorded.

        c.    New York State Appellate Term Decision and Order, dated April 13, 2012.

        d.    Rockland County Supreme Court Judgment, dated April 20, 1974, and New York State Court of Appeals Final and unimpeachable Decision and Order of 1976.

        e.    MRO Pump and Tank Joint Venture offer, dated May 5, 2012.

        8.    Ex Parte letter (with enclosures) from Rubin Sterngass to Judge Drain of the United States Bankruptcy Court. Please note that the first of the attachments were included in item 7 (above) with the exception of the three (3) letters of complaint to the New York State Grievance Department against Attorneys David Isaacson, Todd Cushner, Lawrence Garvey, and Alan B. McGeorge (as well as their respective legal practices), as related to the proper processing of my voluntary petition and request for Chapter 11 relief, as controlled by Res Judicata.

        9.    Objection to Trustee O'Toole's Pre-Trial Conference (as rescheduled for October 29, 2012) by Rubin Sterngass (*Pro Se*) for himself, as a stockholder of the Debtor, and as the true party of interest herein by Privity.

        10.    Police report (from the Clarkstown Police Department) from the complaint filed by Rubin Sterngass on September 23, 2012.

        11.    All email documents in possession of Rubin Sterngass (with attachments) between the Debtor's attorney of record, Alan B. McGeorge, Assistant United States Trustee Gregory Zipes, and attorneys

6

for Trustee O'Toole (i.e., Salvatore LaMonica and/or Holly Rai), and me from May 15, 2012 to present.

12. All email documents in possession of Rubin Sterngass (with attachments) between the Trustee O'Toole, her attorneys for Trustee O'Toole (i.e., Salvatore LaMonica and/or Holly Rai), and me from June 12, 2012 to present.

13. Transcripts [including the initial 341 Meeting on June 23, 2012 before the Office of the United States Trustee (Greg Zipes)] of Bankruptcy Court proceedings for the Debtor herein that are in the possession of Rubin Sterngass.

## PART II – ISSUES TO BE PRESENTED

Appellants intend to raise the following issues on appeal, and we hereby repeat the aforementioned paragraphs (numbered 1 through 13, above and herein):

A. The Bankruptcy Court was misled and erred when deciding not to grant the request, by the Debtor's attorney (Mr. McGeorge) to adjourn the May 15, 2012 hearing for ten days in an effort to obtain a written proposal from an interested third party who would take the Debtor out of bankruptcy, as a written proposal was in Attorney McGeorge's possession and was then personally filed with the Bankruptcy Court after Judge Drain ruled to convert on May 15, 2012.

B. The Bankruptcy Court was misled and erred when deciding to grant the motion, by the Assistant United States Trustee (Mr. Zipes and/or another representative) to convert the lead case matter from Chapter 11 to Chapter 7 in support of the void mortgage documents of the primary creditor, Winston Capital, LLC, which is covered by insurance, as noticed.

7

C. The Bankruptcy Court was misled and erred when its Assistant United States Trustee (Mr. Zipes and/or another representative) failed to communicate the Debtor's objections to said conversion through Rubin Sterngass' Ex Parte Affidavit of May 14, 2012 and by email directly to the attorney of record (Attorney McGeorge) and to the Assistant United States Trustee (Mr. Zipes) and another request for appellate counsel.

D. The Bankruptcy Court was misled and erred when its appointed Trustee O'Toole and her attorneys failed to notify and inform said Court, the United States Assistant Trustee (Mr. Zipes and/or another representative), and/or Judge Drain when they learned, on June 12, 2012, that the Debtor had requested an appeal of the lead case conversion but had not been represented or advised.

E. The Bankruptcy Court erred by refusing to hear the verbal request of Rubin Sterngass and his family members to explain how he and the Debtor had been improperly represented by the Debtor's counsel of record (Mr. McGeorge) in their effort to appeal the conversion of the lead case matter from Chapter 11 to Chapter 7.

F. The Bankruptcy Court erred when refusing hear the verbal request of Rubin Sterngass and his family members to explain how he and the Debtor had been improperly represented by all prior counsel of record (Todd Cushner, Esq.; Lawrence Garvey. Esq.; and Alan B. McGeorge as well as by their respective legal practices) to submit and present to the Bankruptcy Court the reorganization plans that Mr. Sterngass had related as well as other applicable legal documents that he had asked to be submitted to the attention of Judge Drain on behalf of himself (*Pro Se*) as in Privity to the Debtor.

G. The Bankruptcy Court erred when it refused to Stay the adversary proceeding on July 18, 2012 simply because *Pro Se* Defendant therein, Rubin Sterngass, was restricted by the rules of Bankruptcy Procedure and did not realize that a separate docket number had been

assigned to the adversary proceeding in connection with the Chapter 11/Chapter 7 proceeding herein.

      H.    The Bankruptcy Court erred when it did not acknowledge or respond to the problems with the Debtors' tenancy, as occupied by minority and multi-racial families, that have been created because of the conversion of the lead case from Chapter 11 to Chapter 7.

      I.    The Bankruptcy Court erred when it permitted Trustee O'Toole and her attorneys to handle and resolve any tenant problems and/or complaints as their handling has negatively affected the occupancy of the Debtors rental units.  On July 18, 2012, Defendants/Appellants (*Pro Se*) Rubin Sterngass and Reba Sterngass (also known as Reba May Buonocore) attempted to inform Judge Drain of this problem but were not permitted to do so.

      J.    The Bankruptcy Court erred when it refused to allow Rubin Sterngass to inform Judge Drain of the underlying issues that have continued (between him, his family, his corporations, and the **flouting** by the municipality) to prevent the Debtor from using and rehabilitating (with new modular housing) its vested real property interests in an effort for it/them to eliminate all insolvency issues.  Appellants hereby respectfully submit that the aforementioned continual **flouting** by the Town of Clarkstown caused the conversion ruling to Chapter 7, by their refusal to abide by the 1939 Building and Zoning Ordinance and the Enabling Act of the State of New York as to **"manufacturing"**, **"commercial"**, and **"residential"**.

      K.    The Bankruptcy Court erred when it did not investigate after being notified that it was deceived by abuse of court officers' duties and responsibilities to advise Judge Drain of the matters outlined in this appeal.  Ultimately, this deceit and abuse ultimately constrained Judge Drain's authority by the rules of the Chapter 7 conversion.

L. The Bankruptcy Court erred by adjourning the previously granted and scheduled hearing of July 30, 2012 for Rubin Sterngass as this "bought time" for Trustee O'Toole and her attorneys to proceed with the disposition by auction sale of the Debtor's rental property and continue their plans assist the void and insured mortgage interests of Winston Capital, LLC to illegally take the property of the Debtor. Actions by Trustee O'Toole and Winston Capital further assisted the municipality to "muzzle" and in the collateral retribution by the Town of Clarkstown and by the auction sale of August 21, 2012.

M. The Bankruptcy Court erred by not enforcing its rulings during its hearing on August 13, 2012, which included but was not limited to its verbal instructions (as follows):

1. For agreeing to process the necessary documents to remove Attorney McGeorge from the record as "the attorney of record".

2. For permitting Trustee O'Toole and her attorneys to remain in contact with Attorney McGeorge and continue to inform his of matters relative to the Debtor and/or Mr. Sterngass.

3. For Trustee O'Toole to investigate and report back to Judge Drain about the constitutional and other legal assertions of Rubin Sterngass (the *Pro Se* Defendant therein and *Pro Se* Appellant herein). Not only did Trustee O'Toole fail to so investigate, but Judge Drain did not enforce this instruction. Since August 13, 2012, this instruction has never been responded to or readdressed. Trustee O'Toole and her attorney, Salvatore LaMonica, were both informed of these underlying constitutional and other issues on June 12, 2012. Trustee O'Toole <u>clearly</u> stated (to Rubin Sterngass and his family members) that she did not have to, was not interested in, and did not intend to investigate Mr. Sterngass' assertions.

Appellants hereby respectfully assert that, had Judge Drain insisted (by written Order) that Trustee O'Toole fulfill her

10

obligation to investigate and report back to him, the Bankruptcy Court rules would have enabled him to remove Trustee O'Toole replace her with a court-appointed independent examiner; and this could have been accomplished without my so requesting.

   4. For appellate relief to Rubin Sterngass (the *Pro Se* Defendant therein and *Pro Se* Appellant herein) of the Debtor's matter being converted from Chapter 11 to Chapter 7, pursuant to Rule 60, on the asserted fraud and other issues raised by Mr. Sterngass in the hearing before Judge Drain on August 13, 2012. As is evidenced within the transcript of the August 21, 2012 hearing before Judge Drain, computer problems prevented Mr. Sterngass and his family from filing his appeal with the Bankruptcy Court prior to or on August 21, but these documents were filed shortly thereafter. <u>None of the matters raised in those documents have been addressed by the Bankruptcy Court to date</u>.

   5. For not addressing the request to Stay all proceedings and activities by Trustee O'Toole and her attorneys (including but not limited to the auction sale of the Debtor's real properties on August 21, 2012) and for dismissing the matter because the request for a Stay was not properly before Judge Drain on August 13.

   On or about August 16, 2012, Mr. Sterngass delivered to and filed with the Bankruptcy Court a letter of explanation and proof that a Stay was properly before Judge Drain on August 13. Perhaps, Judge Drain was restricted by the Bankruptcy Court rules to entertain or rule on a Stay, but the request was before him at that time.

   Not only was the requested Stay before Judge Drain on August 13, but Trustee O'Toole and her attorneys had also been so informed, were aware that the matter was properly before Judge Drain on August 13, and misled him and the Bankruptcy Court by not acknowledging that a Stay was before Judge Drain at that time.

   Additionally, Appellants hereby respectfully reiterate that in Mr. Sterngass' Ex Parte Affidavit of May 14, 2012, within item 7

thereof, he had also requested intervention by the United States Trustee assigned to the Debtor in Bankruptcy Court for time to obtain appellate counsel.

N. The Bankruptcy Court erred by denying the request to Judge Drain by Rubin Sterngass (the *Pro Se* Defendant therein and *Pro Se* Appellant herein) for a Stay of all proceedings and activities by the Chapter 7 Trustee and her attorneys (including but not limited to the auction sale of the Debtor's real properties on August 21, 2012) and confirming the results of the auction sale. On or about August 17, 2012, Judge Drain's office contacted Mr. Sterngass and stated that Judge Drain would treat said explanation and proof as an objection to the auction sale and would address the matter in his honorable court on August 21, 2012. As stated herein, Judge Drain discounted Mr. Sterngass' objections and denied his request for a Stay on August 21, 2012.

O. The Bankruptcy Court erred by permitting the Chapter 7 Trustee and her attorneys to pursue a Pre-Trial Conference, as well as other matters, in Bankruptcy Court even though the matters have been appealed to the United States District Court. This activity is further evidence of Trustee O'Toole's intentional misleading of the Bankruptcy Court and the United States District Courts.

P. The Bankruptcy Court erred by permitting the Chapter 7 Trustee and her attorneys to summarily grant possession of the Debtor's real property without written authorization from the Bankruptcy Court. Orders for stipulation and carve-out of the auction sale were scheduled to be signed by Judge Drain on September 17, 2012. As a result of an objection filed by Rubin Sterngass, said orders were not signed; and a hearing is scheduled for October 29, 2012 before Judge Drain.

This activity/allowance of Trustee O'Toole and her attorneys has caused activity by one bidder (and/or his representatives) of several parcels of the Debtor. This bidder's name is Stuart Chaitin. The following activities have resulted in further and additional undue harm to Mr. Sterngass:

1.   Bidder Stuart Chaitin (and/or his representatives) has improperly and falsely informed all residence on or near High Street that Mr. Chaitin is the new owner and landlord of the tenancy, that he owns property along all of High Street.  Until the proper closing on all properties, title cannot validly pass to Mr. Chaitin or any other bidder.

2.   Bidder Stuart Chaitin (and/or his representatives) has criminally trespassed on property belonging to Rubin Sterngass and his family interests.  This property had been partitioned off and designated as private property.  This property is legally part of the parcel that is known as 717 Route 9W and is currently advertised by signage that states "parking for rent" with the home/office telephone number of Mr. Sterngass.

3.   Bidder Stuart Chaitin (and/or his representatives) has stolen the steel posts that were implanted between High Street and 717 Route 9W along the northerly side of High Street and committed criminal trespass.

4.   Bidder Stuart Chaitin (and/or his representatives) has stolen stone and clean fill that belongs to and was physically on the property of 717 Route 9W along the northerly side of High Street by use of mechanical equipment.

5.   Bidder Stuart Chaitin (and/or his representatives) has claimed ignorance when approached by the Clarkstown Police Department about this illegal activity.  Appellants hereby respectfully assert that Bidder Chaitin would not be able to claim ignorance of this illegal activity if Trustee O'Toole and her attorneys properly acted and properly informed him.

Q.   The Bankruptcy Court erred by not addressing the neglectful, deceitful, and misleading activities of the Office of the United States Trustee and the Chapter 7 Trustee.  The Bankruptcy Court has been deceived by this activity, since June 23, 2010, and erroneously has failed to enforce the duties "as officers of the court" and obligations of both Trustee offices (i.e., the Office of the United States Trustee and the Office of the Chapter 7 Trustee).

Dated:   Valley Cottage, New York
         September 28, 2012

                                  Respectfully submitted,

                                  [signature]

                                  Rubin Sterngass, *Pro Se* as
Stockholder of the Debtor, and
as the true party of interest
1952 Graduate
Brooklyn Law School
*By the Good Graces of the GI Bill*
129 Ridge Road
Valley Cottage, NY  10989-2466
(845) 268-2558 – Home/Office
(845) 721-0421 – Cell 1
(914) 263-4846 – Cell 2
(845) 268-2176 – Facsimile
mrgb13@optonline.net

*On behalf of himself (Pro Se), as stockholder of the Debtor, Leatherstocking Antiques, Inc., and as the true party of interest.*

## CERTIFICATE OF SERVICE

This is to certify that I, Rubin Sterngass, *Pro Se*, and as the true party of interest, have caused to forward and serve, on this date, a true and correct copy of the above and foregoing document, by United States Mail postage fully prepaid, as follows:

Marianne T. O'Toole, Esq.  
Chapter 7 Trustee  
22 Valley Road  
Katonah, NY 10536  
(914) 232-1511

Salvatore LaMonica, Esq.  
or Holly Rai, Esq.  
LaMonica, Herbst & Maniscalco, LLP  
Attorneys for Chapter 7 Trustee  
3305 Jerusalem Avenue  
Suite 201  
Wantagh, NY 11793  
(516) 826-6500

on this the 28th day of September, 2012. An electronic document hereof (in PDF format) was included with the copy mailed to Holly Rai, Esq.

By: *[signature]*  
Rubin Sterngass, *Pro Se*  
as the True Party of Interest,  
as Stockholder of Debtor, and  
for all Appellants herein  
129 Ridge Road  
Valley Cottage, NY 10989-2466  
(845) 268-2558 – Home/Office  
(845) 721-0421 – Cell 1  
(914) 263-4846 – Cell 2  
(845) 268-2176 – Facsimile  
mrgb13@optonline.net

Sworn to before me this 28 day of September, 2012.

_____  
Notary Public

JOJO K. JOHN  
NOTARY PUBLIC, STATE OF NEW YORK  
QUALIFIED IN ROCKLAND COUNTY  
REG. #01JO6245897  
MY COMM. EXP. AUG. 8, 2015