UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

In re:                                               :

LEATHERSTOCKING ANTIQUES, INC.,                      :

            Debtor.                           :

————————————————————————:

RUBIN STERNGASS,                                     :

                Appellant,            :

       v.                                      :

MARIANNE T. O'TOOLE, as Chapter 7 Trustee            :
of the estate of Leatherstocking Antiques, Inc.,     :
                                                     :
             Appellee.              :

————————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _9/27/13_

**OPINION AND ORDER**

**12 Civ. 7758 (ER)**

Ramos, D.J.:

      Rubin Sterngass, Appellant, appeals from three Orders, each dated August 24, 2012 (collectively, the "Orders"), of the United States Bankruptcy Court for the Southern District of New York, Judge Robert D. Drain.  Doc. 1.[1]  Each Order confirms the result of an auction sale by the Chapter 7 Trustee of the Estate of Leatherstocking Antiques, Inc. ("Leatherstocking" or the "Estate"), of certain parcels of real property belonging to the Estate, and grants related relief. Bankr. Docs. 101-103.  The three Orders covered a total of six parcels of real property.  The Trustee closed on the sales of three of the properties on September 17, 2012, and closed on the sales of the remaining three properties on September 21, 2012.  Affirmation of Salvatore LaMonica, Esq., in Support of Marianne T. O'Toole, As Chapter 7 Trustee of the Estate of

---

[1] References to "Doc." refer to documents filed in the instant appeal.  References to "Bankr. Doc." refer to documents filed in the underlying bankruptcy proceeding, In re:  Leatherstocking Antiques, Inc, No. 10-22704 (RDD).

Leatherstocking Antiques, Inc., To Dismiss Appeal ("LaMonica Aff."), Doc. 11, ¶¶ 30-31. For the reasons set forth below, the appeal is DISMISSED as statutorily and equitably moot.

## I.     Background

On April 13, 2010, Leatherstocking[2] filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  *Id.* ¶ 4.  On Schedule "A" to its petition, Leatherstocking listed a fee simple interest in the following six properties (collectively, the "Properties"):

- 701-705 A Route 9W, Valley Cottage, New York 10989 (the "701-705 A Property");

- 707-709 Route 9W, Valley Cottage, New York 10989 (the "707-709 Property");

- 17 High Street, Valley Cottage, New York 10989 (the "17 High Property");

- 719 Route 9W, Valley Cottage, New York 10989 (the "719 Property");

- 741 Route 9W, Valley Cottage, New York 10989 (the "741 Property"); and

- 749 Route 9W, Valley Cottage, New York 10989 (the "749 Property").

*Id.* ¶ 5.

Approximately two years later, on May 18, 2012, Leatherstocking's case was converted from Chapter 11 to Chapter 7 of the Bankruptcy Code (the "Conversion Order").  Bankr. Doc. 70.  By operation of law, the Conversion Order became a final, non-appealable Order on June 1, 2012.  LaMonica Aff. ¶ 8.  Subsequent to the Conversion Order, the Trustee was appointed as the interim Chapter 7 Trustee, then duly qualified, and is the permanent Trustee of Leatherstocking's estate.  Bankr. Doc. 71.

On July 27, 2012, the Trustee moved for entry of an Order authorizing the sale of the Properties pursuant to Bankruptcy Code §§ 105 and 363 and Bankruptcy Rules 2002 and 6004 (the "Sale Motion"), Bankr. Doc. 89, and caused a notice of sale of the properties ("Notice of

---

[2] Appellant Sterngass is Leatherstocking's former president and CEO.

Sale") to be filed with the court. Bankr. Doc. 91. The Notice of Sale provided notice to all interested parties of the Trustee's intended public auction sale of the Properties, the date, time, and location of the auction sale, the terms and conditions of the auction sale, and the deadline for objections to be filed to the auction sale. *Id.* Sterngass objected to the Notice of Sale by documents filed on August 10, 2012 and August 16, 2012. Bankr. Docs. 97 and 99, respectively.

The auction sale was held on August 21, 2012. On that same date, a hearing was held before the Bankruptcy Court. Sterngass appeared and argued against the Sale Motion. LaMonica Aff. ¶ 15. The Bankruptcy Court approved the Sale Motion over his objections and, on August 24, 2012, entered three Orders approving the Sales. Bankr. Docs. 101–03. The first Order relates to the 719 Property (the "719 Order"); the second Order relates to the 701-705 A and 707-709 properties (the "701-709 Order"); and the third Order relates to the 17, 741 and 749 properties (the "17, 741 and 749 Order") (collectively, the "Orders").

As relevant to this appeal, each of the three Orders provides that "[t]he sale to the . . . Purchaser is an arm's-length transaction and is being entered into in good faith by the parties," and that, "[i]n the absence of a stay pending appeal prior to the closing, the . . . Purchaser will be acting in good faith pursuant to Bankruptcy Code section 363(m) in closing on the sale of the . . . Property after entry of this Order." Orders at 3 ¶¶ d–e. The Orders further provided that,

> if the . . . Purchaser closes on the sale of the . . . Property at any time on or after
> the entry of this Order as provided in the Terms and Conditions of Sale and
> Memorandum of Sale executed by the . . . Purchaser, the parties shall be entitled
> to the protection of Bankruptcy Code section 363(m), or any authorization
> contained herein in its entirety on appeal, provided further that the purchase of the
> . . . Property by the . . . Purchaser constitutes a good faith purchase for fair value
> within the meaning of Bankruptcy Code section 363(m).

*Id.* at 3–4. Sterngass did not seek or obtain stays of the Orders pending appeal. LaMonica Aff. ¶ 20.

3

On August 31, 2012, Sterngass filed a notice of appeal of the Orders with the Bankruptcy Court (the "Notice of Appeal").  Bankr. Doc. 105.  The deadline for Sterngass to file his designation of the items to be included in the record on appeal and a statement of the issues to be presented was Friday, September 14, 2012.  LaMonica Aff. ¶ 22.  Sterngass ultimately filed his "Designation of the Items to be Included in the Record on Appeal and a Statement of the Issues Pursuant to BR 8006" on September 28, 2012.  Bankr. Doc. 116.

On September 17, 2012, the Trustee closed on the sales of the 17 High Property, the 741 Property and the 749 Property.  LaMonica Aff. ¶ 30.  On September 21, 2012, the Trustee closed on the sales of the 719 Property, the 701-705 A Property and the 707-709 Property.  Id. ¶ 31.

## II.    Procedural Background

By letter to the Court, dated October 24, 2012, the Trustee requested a pre-motion conference for leave to file a motion to dismiss the appeal (the "Pre-Motion Letter").  Doc. 5.  A pre-motion conference was held on December 20, 2012, at which time the Court granted the Trustee leave to file the instant motion to dismiss.  The Trustee filed her moving papers on February 5, 2013.  Docs. 10-12.  Sterngass responded on February 25 and March 14, 2013.  Docs 15 and 16.[3]  The Trustee replied on March 18, 2013.  Doc. 17.

## III.   Discussion

### A.  Standard of Review

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . .

---

[3] The Court notes that, in addition to the papers filed in response to the Trustee's motion, Sterngass has in addition filed several letters with the Court touching on issues related to this and a related proceeding, *In re Leatherstocking Antiques, Inc.*, 12-cv-6832.  Docs. 18, 21-24.  The Court has reviewed all of Appellant's submissions, and has considered them to the extent relevant.

[and,] with leave of court, from other interlocutory orders and decrees . . . of bankruptcy judges."
28 U.S.C. § 158(a).  A district court reviews a bankruptcy court's findings of fact for clear error
and its conclusions of law *de novo*.  *Overbaugh v. Household Bank, N.A. (In re Overbaugh)*, 559
F.3d 125, 129 (2d Cir. 2009); see Fed. R. Bankr. P. 8013 (a district court may "affirm, modify, or
reverse a bankruptcy judge's judgment, order, or decree," and "[f]indings of fact, whether based
on oral or documentary evidence, shall not be set aside unless clearly erroneous").

### B.  Sterngass's Appeal is Statutorily and Equitably Moot

Section 363(m) of the Bankruptcy Code limits appellate jurisdiction over an unstayed
sale order issued by a bankruptcy court to the narrow issue of whether the property was sold to a
good faith purchaser.  11 U.S.C. § 363(m); *Campbell v. Motors Liquidation Co. (In re Motors
Liquidation Co.)*, 428 B.R. 43, 53 (S.D.N.Y. 2010); *Contratian Funds LLC v. Aretex LLC (In re
WestPoint Stevens, Inc.)*, 600 F.3d 231, 247–48 (2d Cir. 2010); *Licensing by Paolo, Inc. v.
Sinatra (In re Gucci)*, 105 F.3d 837, 839 (2d Cir. 1997) ("*Gucci I*"); *see also United States v.
Salerno*, 932 F.2d 117, 123 (2d Cir. 1991).  Specifically, section 363(m) provides that:

> [t]he reversal or modification on appeal of an authorization ... of a sale or lease of
> property does not affect the validity of a sale or lease under such authorization to
> an entity that purchased or leased such property in good faith, whether or not such
> entity knew of the pendency of the appeal, unless such authorization and such sale
> or lease were stayed pending appeal.

11 U.S.C. § 363(m).  "This section creates a rule of 'statutory mootness,' which bars appellate
review of any sale authorized by 11 U.S.C. § 363(b) or (c) so long as the sale was made to a
good-faith purchaser and was not stayed pending appeal[.]"  *In re WestPoint Stevens, Inc.*, 600
F.3d at 247–48 (internal citations omitted).

"The Second Circuit, like the majority of other circuits, strictly enforces this so-called
statutory mootness rule of section 363(m), such that, 'regardless of the merit of an appellant's

challenge to a sale order, [a reviewing court] may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted.'" *In re Motors Liquidation Co*., 428 B.R. at 53, (citing *Gucci I*, 105 F.3d at 840). "This limitation of the issues on appeal generally is warranted where an appellant did not seek a stay pending appeal and reflects the view that an appellant is rightly burdened with the risks associated with challenging a sale authorization when that appellant did not first seek to stay the sale." *Gucci I*, 105 F.3d at 840.

Here, Appellant did not seek a stay of the Sale Orders, nor did he challenge the good faith of the purchasers of the properties. Moreover, each of the Orders appealed from specifically provides that "[i]n the absence of a stay pending appeal prior to the closing, the . . . *Purchaser will be acting in good faith pursuant to Bankruptcy Code section 363(m) in closing on the sale of the . . . Property after the entry of this Order*." Orders at 3 ¶ e (emphasis added). Accordingly, because Appellant does not contest the good faith of the purchasers and the Court does not discern any basis on which to find bad faith, and because no stay of the Orders was sought, the appeal is statutorily moot.

The appeal is also equitably moot. Equitable mootness is a prudential doctrine that is invoked to avoid disturbing a reorganization plan once implemented. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 144 (2d. Cir. 2005); *see also MAC Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002) ("[E]quitable mootness is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." (emphasis omitted)). An appeal should also be dismissed as moot when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable. *In Re*

*Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993) ("*Chateaugay I*") (citing *In re AOV Industries, Inc.*, 792 F.2d 1140, 1147 (D.C. Cir. 1986)).  Such a dismissal is appropriate when, for example, the appellant has made no effort to obtain a stay and has permitted such a comprehensive change of circumstances to occur as to render it inequitable for the appellate court to reach the merits of the appeal.  *Id.* (internal quotation omitted) (citing *In re Crystal Oil Co.*, 854 F.2d 79, 82 (5th Cir. 1988).  The doctrine of equitable mootness applies to appeals of sale orders as well as appeals from orders confirming plans of reorganization.  *In re Motors Liquidation Co.*, 428 B.R. at 60 n.26.

When a reorganization has been substantially consummated, or as here, where sale of real property has closed, there is a "strong presumption" that an appeal of an unstayed order is moot.  *Freeman v. Journal Register Co.*, 452 B.R. 367, 372 (S.D.N.Y. 2010) (quoting *Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 889 (S.D.N.Y. 1994)); *see also In re Metromedia Fiber Network, Inc.*, 416 F.3d at 144.  This presumption may only be overcome when *all* five circumstances are present:

> (a) the court can still order some effective relief; (b) such relief will not affect the re-emergence of the debtor as a revitalized corporate entity; (c) such relief will not unravel intricate transactions so as to knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court; (d) the parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings; and (e) the appellant pursued with diligence all available remedies to obtain a stay of execution of the objectionable order ... if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.

*Frito–Lay, Inc. v. LTV Steel Co. (In re Chateaugay, Corp.)*, 10 F.3d 944, 952–53 (2d Cir. 1993) ("*Chateaugay II*") (internal citations, quotations, and alterations omitted).  Even a mere cursory

review of these factors make clear that Sterngass is not able overcome the presumption that the sale of the Properties should not be disturbed.

At the outset, addressing the last of the five factors listed first, Sterngass was required to pursue "with diligence" a stay of the execution of the Orders appealed from. *Id*. This he clearly failed to do as he never even requested a stay. Because he can only establish entitlement to the relief he seeks if he can show the presence of all five factors, the appeal can be dismissed on this basis alone.

In addition, and as relevant to this appeal, the sales of the properties have already closed. Failure to fashion effective relief has been found where sale of an estate's assets have been completed. *See, e.g.*, *Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268, 272 (S.D.N.Y. 1996) (finding inability to provide effective relief where the asset sales are completed and the proceeds already distributed). Moreover, the Court finds that it would clearly be inequitable both to the Estate and the good faith purchasers of the Properties to reverse the sales at his juncture.

In sum, the Court finds that because Sterngass is unable to satisfy all of *Chateaugay II* factors, he is unable to overcome the "strong presumption" that an appeal of an unstayed order is equitably moot. *Freeman*, 452 B.R. at 372-73.

### C.  Sterngass Failed to Timely Comply with Bankruptcy Rule  8006

Sterngass filed his notice of appeal on August 31, 2012. Thus, he had until September 14, 2012 to file his designation of the items to be included in the record on appeal and a statement of the issues to be presented. Fed. R. Bankr. P. 8006 (a designation of the items to be included in the record on appeal and a statement of the issues to be presented must be filed within fourteen (14) days of filing a notice of appeal). However, Sterngass waited until September 28, 2012—a

full two weeks after the deadline—to file the required documents.  Bankr. Doc. 116.  Sterngass

did not request an extension of his time to file, nor did he provide any explanation as to why he

failed to timely file, much less an explanation amounting to excusable neglect.  While this failure

does not compel dismissal, it is "ground . . . for such action as the district court . . . deems

appropriate, which may include dismissal of the appeal."  Fed. R. Bankr. P. 8001(a).  As the

Trustee notes, Sterngass is at least acquainted with the requirement of the Bankruptcy Rule 8006

and was able to meet the requirement in connection with his related appeal before the Court.

Mem. of Law in Support of Motion of Marianne T. O'Toole, as Chapter 7 Trustee of the Estate

of Leatherstocking Antiques, Inc., to Dismiss Appeal, Doc. 12, at 11.  Accordingly, Appellant's

failure to abide by Bankruptcy Rules provides a separate and independent basis to dismiss the

instant appeal.  *See, e.g.*, *In re Harris*, 464 F.3d 263, 270-72 (2d Cir. 2006) (Rule 8001(a)

"makes clear that a district court enjoys discretion to dismiss an appeal in all cases except where

the debtor does not file a timely notice of appeal, in which case the court has no choice but to

dismiss the case").

## IV.    Conclusion

For the reasons set forth above, the Sterngass's appeal of the Orders is DISMISSED as

equitably moot.  The Clerk of the Court is respectfully directed to docket this decision, terminate

the motion, Doc. 10, and close the case.

It is SO ORDERED.

Dated:    September 27, 2013
          New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.